Avram E. Frisch, Esq.
The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
Attorney for Defendant

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---------------------------------------------------------------- x

**JON KOONES**

                                                 Docket No. 2:22-cv-06575-JMV-LDW

                          Plaintiff,

       - against -

**YOTAM KEHATI**

                          Defendant.

---------------------------------------------------------------- x

**MEMORANDUM OF LAW OF DEFENDANT IN SUPPORT OF THE MOTION**

# Contents

1. Introduction ........................................................................................................................ 4
2. Factual Background ........................................................................................................... 4
3. Legal Argument .................................................................................................................. 4
4. Conclusion .......................................................................................................................... 5

## Table of Authorities

**Cases**

*McCann v. George W. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). .................... 4
*Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 353, 22 L.Ed. 584, 588 (1874) ........................ 4
*Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) .................................. 4

1. **Introduction**

This motion to dismiss is due to the evident lack of subject matter jurisdiction. Defendant Yotam Kehati is a citizen of the State of New Jersey, as is Plaintiff Jon Koones. As such, the action must be dismissed.

2. **Factual Background**

As set forth in the accompanying declaration of Mr. Kehati, he grew up in his family home at 6 Westervelt Avenue, Closter, New Jersey. He has had various rental apartments over the years, but has never permanently moved to a home that he intends to remain in. As such, his domicile has not moved from his childhood home, which is still owned by the family, and which he still uses on a regular basis. The fact that Mr. Kehati has a rental apartment in New York City does not mean that he is a citizen of New York, which is the relevant test.

3. **Legal Argument**

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). This burden is generally met with a showing by a preponderance of the evidence. *McCann v. George W. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006). "A domicile once acquired is presumed to continue until it is shown to have been changed." *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 353, 22 L.Ed. 584, 588 (1874). "This principle gives rise to a presumption favoring an established domicile over a new one." *McCann* 458 F.3d at 286-87 (citing numerous sources). As the Plaintiff is seeking to establish Federal jurisdiction and is the proponent of a changed domicile, they bear both the burden of production and persuasion in this matter, and must do so by a preponderance of the evidence. *See McCann* 458 F.3d at 288-89.

As set forth in Mr. Kehati's declaration, he has never moved his domicile from his childhood home. He has lived in various rental apartments over the years, and in between returns to his childhood home. He splits his time between his New Jersey home and a Manhattan apartment he uses on weekends. He retains the home due to his emotional connection to it, the proximity of family, and the location of his employment and he continues to have his driver's license at his New Jersey address and important mail delivered to that home. As one's domicile cannot change until he has actively sought to change it, there is no doubt that Mr. Kehati's current New York City address, where he has lived for about a year and a half is not his domicile.

4. **Conclusion**
   For these reasons, the motion to dismiss should be granted.

                                                    _____/s/ Avram E. Frisch_____
                                                              Avram E. Frisch